```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
JAMES L. KAPSIS,

                Plaintiff,

     -against-                      MEMORANDUM & ORDER
                                    09-01352(JS)(AKT)

HON. ANTONIO BRANDVEEN,
HON. ARTHUR DIAMOND,

                Defendants.
-------------------------------X
APPEARANCES:
For Plaintiff:     James L. Kapsis, Pro Se
                   14 Ridge Road
                   Albertson, NY 11507

For Defendants:    Ralph Pernick, Esq.
                   New York State Attorney General
                   200 Old County Road, Suite 460
                   Mineola, NY 11501-4241
```

SEYBERT, District Judge:

James Kapsis ("Plaintiff"), a frequent filer in this Court, filed a pro se, fee-paid Complaint on March 31, 2009, against the Honorable Antonio Brandveen ("Judge Brandveen") and the Honorable Arthur Diamond ("Justice Diamond"), pursuant to 42 U.S.C. § 1983 ("Section 1983") and 42 U.S.C. § 1985 ("Section 1985"). For the reasons set-forth below, the Court dismisses the Complaint and warns Plaintiff against filing future actions pertaining to the Nassau County Independence Party.

BACKGROUND

While Plaintiff's Complaint is difficult to comprehend, it appears that Plaintiff claims he has been "disenfranchised" in his "elected duties as Chairman of the Nassau County Independence

Party," during the course of various state court proceedings. (Compl. ¶¶ 23, 29, 30.) Plaintiff's allegations stem from various decisions made by Judge Brandveen and Justice Diamond, namely decisions regarding (1) Plaintiff's ability to inspect election proxies (Compl. ¶ 30), (2) his state court motions for "recusal and for counsel" (Compl. ¶ 39), (3) the imposition of sanctions (Compl. ¶ 37), the issuance of other miscellaneous judicial decisions (Compl. ¶ 47), and a decision not to "hold a hearing on the merits" in a particular action. (Compl. ¶ 55.) Plaintiff seeks a declaratory judgment and relief in his lower state court proceedings. (Compl. ¶ 68-69.)

## DISCUSSION

I. Standard of Review

In reviewing Plaintiff's Complaint, the Court is mindful that because Plaintiff is proceeding pro se, his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163. 176 (1980). Furthermore, the pleadings must be read liberally and interpreted as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).

Notwithstanding the liberal pleading standards, all complaints must contain at least "some minimum level of factual support for their claims . . . ." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987). Regardless of whether a Plaintiff

has paid the filing fee, a district court has the inherent power to dismiss a case, sua sponte, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. Fed. R. Civ. P. 12(h)(3); Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000). "A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (quoting Neitzke v. Williams, 490 U.S. 319, 325, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); see also George v. Park, No. 07-CV-3546, 2007 WL 2769401 at *2 (E.D.N.Y., September 21, 2007) (dismissing fee-paid § 1983 claim as frivolous based on judicial immunity).

II. Judicial Immunity

Under the doctrine of absolute judicial immunity, judges are subject to suit only for (1) "non-judicial actions, i.e., actions not taken in the judge's judicial capacity," or (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); see Stump v. Sparkman, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); Young v. Selsky, 41 F.3d 47, 50 (2d Cir. 1994). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S.

at 11 (quoting Stump, 435 U.S. at 356).

Here, Plaintiff's allegations pertain to judicial acts performed in Defendants' judicial capacities.[1] Plaintiff contests decisions made on motions "for recusal and for counsel" (Compl. ¶ 39), the imposition of sanctions (Compl. ¶ 37), the issuance of judicial decisions (Compl. ¶ 47), and the decision not to "hold a hearing on the merits." (Compl. ¶ 55.) Even if the Court gives the Complaint a most liberal reading and accepts the truth of all allegations asserted, Plaintiffs' claims against Judges Antonio Brandveen and Arthur Diamond are barred by judicial immunity. George v. Park, No. 07-CV-3546, 2007 WL 2769401 at *2 (E.D.N.Y., September 21, 2007) (dismissing fee-paid § 1983 claim against judges as frivolous based on immunity grounds).

In addition, the Federal Courts Improvement Act (FCIA), Pub. L. No. 104-317, 110 Stat. 3847 (1996), § 309(c) bars injunctive relief in any § 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." Id. § 309(c), 110 Stat. at 3853 (amending 42 U.S.C. § 1983). Huminski v. Corsones, 396 F.3d 53, 54 (2d Cir. 2004); Bliven v. Hunt, 418 F. Supp. 2d 135, 139 (E.D.N.Y. 2005).

---

[1] Even reading Plaintiff's Complaint liberally to assert corruption charges in relation to his role as an elected leader of a political party, such claims are already pending before this Court in a separate action. The Independence Party Committee of the State of New York, et al. v. Kapsis, et al., 09-CV-01027.

4

As the alleged wrongdoing of Judge Brandveen and Justice Diamond are acts that were performed within their judicial capacities during Plaintiff's state court proceedings, any claims for injunctive relief are foreclosed by absolute immunity.

Accordingly, Plaintiff's claims against Judge Brandveen and Justice Diamond are DISMISSED.

III. Conspiracy Claims

Plaintiff's claims pursuant to 42 U.S.C. § 1985 also fail. "[A]n action will lie under § 1985(3) when a plaintiff is injured by a private conspiracy to interfere with his constitutional rights, so long as there is 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" Colombrito v. Kelly, 764 F.2d 122, 130 (2d Cir. 1985) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971)).

Here, Plaintiff has identified no constitutional rights targeted by any alleged conspiracy, nor has he alleged that any defendant was motivated by discriminatory animus. Instead Plaintiff makes vague allegations involving the assigning of petitions to Republican Justices (Compl. ¶ 25), missing documents (Compl. ¶ 30), and the influence of local political leaders on judgeships. (Compl. ¶ 34.) Such allegations are insufficient to state a claim under § 1985. See Srubar v. Rudd, 875 F. Supp. 155, 162 (S.D.N.Y. 1994), aff'd, 71 F.3d 406 (2d Cir. 1995) (stating

5

that a plaintiff claiming a civil rights conspiracy pursuant to 42 U.S.C. § 1985 must put forth more than "vague or conclusory allegations"). Therefore, Plaintiff's Section 1985 claim is DISMISSED. See Gleason v. McBride, 869 F.2d 688, 694-95 (2d Cir. 1989); see also George v. Park, No. 07-CV-3546, 2007 WL 2769401 at *2 (E.D.N.Y., September 21, 2007)(dismissing fee-paid § 1985 claim for failure to allege discriminatory animus).

IV. <u>Warning of Injunction Against New Actions Filed by the Plaintiffs</u>

When "a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotations and citations omitted).

Here, Plaintiff has been a party to ten separate complaints in the United States District Court for the Eastern District of New York alone. The case captions alone indicate that at least six of his cases pertain to the Nassau County Independence Party. See The Interim Committee of the Nassau County Independence Party et al. v. Mackay et al., No. 04-CV-4091 (E.D.N.Y. filed Sept. 22, 2004); The Interim Committee of the Nassau County Independence Party et al. v. Mac Kay et al., No. 04-CV-4883 (E.D.N.Y. filed Oct. 6, 2004); Nassau County Independence Party Interim County Committee et al. v. Peragine et al., No. 04-CV-4884 (E.D.N.Y. filed Oct.6, 2004); Katagas et al. v. Berman et al., No. 04-CV-4389 (E.D.N.Y.

filed Oct. 12, 2004); Kapsis v. Peragine et al., No. 08-CV-1123 (E.D.N.Y. filed Mar. 18, 2008); Kapsis et al. v. The Independence Party State Committee of The State of New York, No. 08-CV-2408 (E.D.N.Y. filed June 16, 2008); Kapsis v. Bloom et al. No. 08-CV-3092 (E.D.N.Y. filed July 29. 2008); Kapsis et al. v. MacKay et al., No. 08-CV-3344 (E.D.N.Y. filed Aug. 15, 2008); The Independence Party Committee of the State of New York, et al. v. Kapsis, et al., 09-CV-1027 (E.D.N.Y. filed Mar. 12, 2009); Kapsis v. The Independence Party State Committee of The State of New York et al., No. 09-CV-1028 (E.D.N.Y. filed Mar. 12, 2009).

The Court is cognizant of Plaintiff's pro se status, and it has construed the submissions liberally. While sympathetic to Plaintiff's plight, the Court warns Plaintiff that similar future Complaints against the Nassau County Independence Party, will not be tolerated. If Plaintiff persists in this course of action, the Court will require that Plaintiff first seek leave of Court before submitting such filings. In addition, the Court may direct the Clerk of Court to return to Plaintiff, without filing, any such action that is received without a clear application seeking leave to file, and the Court may invite an application to dismiss the case with prejudice. See, e.g., More v. Monex, Inc., No. 04-CV-3214, 2008 WL 199460 (E.D.N.Y. Jan. 22, 2008).

## CONCLUSION

The Court finds that the Defendants are immune from this

suit. Accordingly, Plaintiff's action is DISMISSED with prejudice.

Although Plaintiff paid the filing fee to bring this action, if he requests in forma pauperis status for any appeal, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to (1) mail a copy of this Order to pro se Plaintiff by certified mail with return receipt, and (2) mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   Central Islip New York
         July  20 , 2009