UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
JAMES L. KAPSIS,

                    Plaintiff,

        -against-                      MEMORANDUM & ORDER
                                       09-CV-1352(JS)(AKT)

HON. ANTONIO BRANDVEEN,
HON. ARTHUR DIAMOND,

                    Defendants.
--------------------------------X
APPEARANCES:
For Plaintiff:      James L. Kapsis, Pro Se
                    14 Ridge Road
                    Albertson, NY 11507

For Defendants:     Ralph Pernick, Esq.
                    New York State Attorney General
                    200 Old County Road, Suite 460
                    Mineola, NY 11501-4241

SEYBERT, District Judge:

Pending before the Court is Defendants' motion for reconsideration of the Court's July 20, 2009 Order ("July 2009"). The reconsideration motion is limited to one aspect of the decision: Defendants' motion to dismiss had expressly requested that the Court issue a filing injunction. The Court's July 2009 Order did not directly deny this portion of Defendants' motion. Instead, the Court's decision implicitly denied Defendants' motion with regard to the filing injunction. The Court did, however, warn Plaintiff that future frivolous filings would likely lead to a filing sanction:

> similar future Complaints against the Nassau
> County Independence Party, will not be
> tolerated. If Plaintiff persists in this

> course of action, the Court will require that Plaintiff first seek leave of Court before submitting such filings. In addition, the Court may direct the Clerk of the Court to return to Plaintiff, without filing, any such action that is received without a clear application seeking leave to file, and the Court may invite an application to dismiss the case with prejudice. See, e.g., More v. Monex, Inc., No. 04-CV-3214, 2008 WL 199460 (E.D.N.Y. Jan. 22, 2008).

(Mem. and Order 7.) In a letter dated July 31, 2009, Defendants filed their motion for reconsideration.

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. See Wilson v. Pessah, No. 05-CV-3143, 2007 U.S. Dist. LEXIS 17820, at *4 (E.D.N.Y. March 14, 2007). Rule 59(e) permits a moving party to file a motion for reconsideration when it believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151, (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Reconsideration may only be

granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. Wechsler v. Hunt Health Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

Rule 60(b) of the Federal Rules of Civil Procedure provides relief from a judgment for, inter alia, mistakes, inadvertence, excusable neglect, newly discovered evidence, and fraud. Fed. R. Civ. P. 60(b). Rule 60(b) provides "extraordinary judicial relief" that may "only be granted upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).

In Defendants' present application, they fail to cite any matters or controlling decisions or data that would have influenced the prior decision. Rather, Defendants simply disagree with the Court's decision to not impose a filing injunction. This disagreement about how the Court holding is not enough to merit reconsideration. Preventing a party from filing pleadings altogether is an extreme measure that the Court would not impose lightly, and one that was not warranted at the time of the Court's prior Order. In denying Defendants' motion for reconsideration, however, the Court reiterates its warning to Plaintiff, which to the current time has been effective: future Complaints against the Nassau County Independence Party, will not be tolerated. If Plaintiff persists in this course of action, the Court will require

that Plaintiff first seek leave of Court before submitting such filings and may altogether reject future meritless filings.

## CONCLUSION

Accordingly, the Court hereby DENIES Defendants' motion for reconsideration.  The Clerk of Court is directed to mail a copy of this Order to pro se Plaintiff by certified mail, return receipt.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 9, 2009
       Central Islip, New York